JOAQUIN M. DAMATTA, PLAINTIFF, v. RAPHAEL J. MARINI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 20, 1977.

*Messrs. Adams, De Noia & Cassese,* attorneys for plaintiff (*Mr. John De Noia,* of counsel).

*Mr. Elliot Fabricant,* attorney for defendant (*Mr. Joseph C. Weiss,* of counsel).

DiBuono, A. J. S. C. This action presents the novel question as to whether monies, paid in satisfaction of a judgment and deposited in court, should be returned to the Unsatisfied Claim and Judgment Fund by reason of the fact that plaintiff cannot be located.

Plaintiff asserted that he sustained personal injuries in a collision with an unknown motor vehicle on July 9, 1970. The complaint was dismissed with prejudice on January 20, 1975. The dismissal was based on the representation of counsel that the matter had been settled for $5,000, subject to the formalization and approval of the order directing payment out of the Unsatisfied Claim and Judgment Fund.

On April 13, 1976, upon notice of motion by plaintiff, this court signed an order approving the settlement of $5,000, to be paid out of the Unsatisfied Claim and Judgment Fund. Plaintiff's whereabouts being unknown, his funds were deposited with the Clerk of the Superior Court. This order, consented to as to form, recites:

* * * it appearing that the Unsatisfied Claim and Judgment Fund Board has approved the said settlement; and it appearing that the said settlement of $5,000.00 and no costs is fair and equitable; and it further [appears] that the plaintiff has complied with the requirements of R. S. 39:6–78 and R. S. 39:6–82, it is on this 13th day of April, 1976, ORDERED that * * * The Treasurer of the State of New Jersey, forthwith pay the aforesaid judgment of $5,000.00. * * * out of the Unsatisfied Claim and Judgment Fund * * * by directing a check in the amount of $3,263.83 to the Clerk of the Superior Court of New Jersey for deposit on behalf of the Plaintiff, Joaquin M. Damatta.

On March 10, 1977 the Unsatisfied Claim and Judgment Fund moved to vacate the judgment and requested that the money deposited in the Superior Court be returned to the Fund. Counsel for the Fund took the position that

\* \* \* the judgment recites certain portions of the fund statute be complied with, more particularly [N. J. S. A.] 39:6–78 and 82, which mandate the final signing of the verified petition by the plaintiff. Plaintiff has not availed. To my understanding, the fund statute is [to be] strictly construed. And, although the requirements are technical, they must in their entirety be complied with. And, in fact, this judgment is based on erroneous information.

Counsel for defendant further argued that "the information that this judgment is based on is, in fact, erroneous. It is our position that under [R.] 4:50–1(d) judgment is void." The attorney for plaintiff countered that "the time for appeal of this judgment is long since run, and the same firm that is now raising this issue had the opportunity to raise it then."

Counsel for the Fund asserted that the failure of plaintiff to submit a verified petition rendered the judgment defective under N. J. S. A. 39:6–82. In pertinent part, the statute recites that "[i]n any action brought against the director pursuant to an order by the court entered in accordance with the provisions of [N. J. S. A. 39:6–78], the plaintiff *may* file a verified petition alleging that he has entered into an agreement with the board to settle all claims set forth in the complaint \* \* \*". (Emphasis supplied).

██ There are no relevant reported decisions interpreting this section, so the general rules of statutory construction must be used. In *Harvey v. Essex Cty. Bd. of Freeholders*, 30 N. J. 381, 390 (1959), our Supreme Court held that the word "may" is ordinarily permissive or directory (whereas the words "must" and "shall" are mandatory). It seems clear that in N. J. S. A. 39:6–82, the word "may" is permissive and that the method of settlement by verified petition is only one of the available alternatives. In this case an

order entering judgment and directing the payment of the share of plaintiff into court was the result of a notice of motion by plaintiff. This procedure is a viable alternative under *R*. 4:42–1.

The question has arisen as to whether the money deposited into court should be returned to the State by escheat. *N. J. S. A.* 2A:37–13 provides in pertinent part:

* * * whenever the whereabouts of such owner, beneficial owner or person, has been or shall be and remain unknown for the period of 14 successive years, or whenever any personal property wherever situate has been or shall be and remain unclaimed for the period of 14 successive years, then, in any such event, such personal property shall escheat to the State.

In this action the 14-year period has not lapsed, and therefore this issue is premature.

This court has been requested by defendant to vacate the judgment because the judgment or order is void, *R*. 4:50–1(d). Defendant has not attacked the settlement, or the fact that a settlement was made. In fact, the Fund has presented no valid reason why the judgment should be vacated. Accordingly, the motion of the Unsatisfied Claim and Judgment Fund is denied.